**Nicholas L. Dazer, OSB #002403**
Email: nick@dazerlaw.com
Nicholas Dazer PC
12901 SE 97th Avenue, Suite 330
Clackamas, OR 97015
Telephone: (503) 953-1043

**Susan Koehler Sullivan** *(pro hac vice forthcoming)*
Email: susan.sullivan@clydeco.us
**Alexander G. Meissnenr***(pro hac vice forthcoming)*
Email: alexander.meissner@clydeco.us
Clyde & Co US LLP
355 S. Grant Avenue, suite 1400
Los Angeles, CCA 90071
Telephone: (213) 358-7600
     Attorneys for Defendant
     Endurance American Insurance Company

UNITED STATES DISTRICT COURT

DISTRICT OF OREGON

PORTLAND DIVISION

| | |
|---|---|
| **METRO WEST AMBULANCE SERVICE, INC.,** | Case No.: |
| Plaintiff, | [Removed from Multnomah County Circuit Court Case No. 23CV21028] |
| v. | |
| **ENDURANCE AMERICAN INSURANCE COMPANY,** | **DEFENDANT ENDURANCE AMERICAN INSURANCE COMPANY'S NOTICE OF REMOVAL** |
| Defendant. | **[28 U.S.C. §1441(b) (Diversity)]** |
| | Complaint Filed: May 24, 2023<br>Final Status Conference: Not Set<br>Trial Date: Not Set |

**TO: THE CLERK OF THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF OREGON, PORTLAND DIVISION:**

PLEASE TAKE NOTICE THAT Defendant Endurance American Insurance Company

("Endurance"), pursuant to 28 U.S.C. §§ 1332, 1441, and 1446, files this Notice of Removal based

DEFENDANT ENDURANCE AMERICAN INSURANCE COMPANY'S NOTICE OF REMOVAL     1

on diversity of citizenship, to effect the removal of the above-captioned case, Case No. 23CV21028 from the Circuit Court of the State of Oregon for the County of Multnomah (the "State Court Action"), to the United States District Court for the District of Oregon. Removal is proper for the following reasons:

## BACKGROUND

1.  On May 24, 2023, Plaintiff Metro West Ambulance Service, Inc. ("Plaintiff") filed a complaint in the State Court Action against Defendant Endurance American Insurance Company ("Defendant") (the "Complaint"). A true and correct copy of the Complaint is attached as Exhibit A to the Declaration of Nicholas Dazer filed concurrently with this document (the "Dazer decl."). *See* Dazer decl., ¶ 3, Ex. A.

2.  The Complaint alleges a cause of action for breach of contract against Defendant.

3.  Defendant was served with the Complaint on May 30, 2023. A true and correct copy of the Declaration of Service of the Complaint is attached as Exhibit B to the Declaration of Nicholas Dazer filed concurrently with this document (the "Dazer decl."). *See* Dazer decl., ¶ 4, Ex. B.

## GROUNDS FOR REMOVAL

4.  This Court has original jurisdiction over this action pursuant to 28 U.S.C. § 1332(a) because there is complete diversity between Plaintiff, on the one hand, and Defendants, on the other hand, and the amount in controversy exceeds $75,000, exclusive of interest and costs, and removal is appropriate pursuant to 28 U.S.C. § 1441(a).

## DIVERSITY OF CITIZENSHIP

5.  Diversity of citizenship exists when a suit is between citizens of different states. 28 U.S.C. § 1332(a). A corporation is a citizen of the state in which it is incorporated and the state

DEFENDANT ENDURANCE AMERICAN INSURANCE COMPANY'S NOTICE OF REMOVAL                                                                 2

of its principal place of business.

6.      Plaintiff is, and at the time of the filing of the Complaint, was an Oregon corporation and has its principal place of business in Oregon. *See* Dazer decl., ¶ 5, and Ex. A, ¶ 2.

7.      Defendant Endurance is incorporated in Delaware and has its principal place of business in New York. *See* Dazer decl., ¶ 6.

8.      Because Plaintiff and Defendant are citizens of different States, there is complete diversity of citizenship for jurisdictional purposes.

9.      Venue is proper in this Court pursuant to 28 U.S.C. § 1391(b)(2) and (3) because this is a civil action in which the subject matter jurisdiction is founded only on diversity of citizenship and is brought in a judicial district in which Defendant is subject to personal jurisdiction.

10.     This action is filed in the United States District Court for the District of Oregon and is proper under 28 U.S.C. §§ 1441(a) and 1446(a) because the Circuit Court of the State of Oregon for the County of Multnomah is located in the U.S. District for the District of Oregon.

## ADDITIONAL BASIS FOR DIVERSITY JURISDICTION

11.     According to 28 U.S.C. § 1446(b)(1), "[t]he notice of removal of a civil action or proceeding shall be filed within 30 days after the receipt by the defendant, through service or otherwise, of a copy of the initial pleading setting forth the claim for relief upon which such action or proceeding is based, or within 30 days after the service of summons upon the defendant if such initial pleading has then been filed in court and is not required to be served on the defendant, whichever period is shorter."

12.     Thus, Defendant is timely removing this action to Federal Court because this removal has been filed within 30 days of Plaintiff's service of the Complaint upon Defendant in

DEFENDANT ENDURANCE AMERICAN INSURANCE COMPANY'S NOTICE OF
REMOVAL                                          3

the State Court Action on May 30, 2023.

## AMOUNT IN CONTROVERSY

13.    Although Defendant disagrees that there is liability in the first instance or that Plaintiff sustained damages in any amount, the amount in controversy exceeds $75,000. Specifically, Plaintiff prays for $325,000. *See* Dazer decl., Ex. A, ¶¶ 22, 30.

14.    In the Complaint, Plaintiff states that the nature of the complaint is "Metro West suffered physical damage to the insured 1980 Piper PA-60-601P, N601NG ("N601NG Aircraft") during a landing on July 12, 2022, at Scappoose Airport, OR.  Metro West made a claim to Endurance under its aviation policy for damage sustained.  Endurance denied the claim. *Id.,* at ¶ 1.

15.    Plaintiff asserts that "[a]s a foreseeable and direct consequence of Endurance's breach, Metro West has sustained, and continues to sustain, substantial actual damages, consequential damages, and out-of-pocket expenses, including, but not limited to, the coverage owed under the Policy.  These damages total an amount to be determined at trial, but not less than $325,000." *Id*., at ¶ 22.

16.    Ultimately, Plaintiff prays for "an award in favor of Metro West and against Endurance in an amount to be determined at trial, but not less than $325,000, plus prejudgment interest at 9% per annum; costs, disbursements, and attorney fees incurred herein and as a result of Endurance's denial; and such other relief as the Court may deem just and proper" *Id*., at ¶ 30.

17.    As noted, Plaintiff seeks attorneys' fees and costs of suit. *Id.*  As an element of damages, Plaintiff's claim for attorneys' fees is used to determine the amount in controversy. *Galt G/S v. JSS Scandinavia*, 142 F. 3d 1150, 1155-1156 (9th Cir. 1998).

18.    Although Defendant denies that Plaintiff is entitled to recover policy benefits or

DEFENDANT ENDURANCE AMERICAN INSURANCE COMPANY'S NOTICE OF REMOVAL                           4

other damages in any amount, based upon the above-referenced facts, the aggregate value of the claims and damages sought by Plaintiff is well in excess of $75,000. Moreover, and as set forth by the U.S. Supreme Court in *Dart Cherokee Basin Operating Co., LLC v. Owens*, 574 U.S. 81, (2014), "as specified in § 1446(a), a defendant's notice of removal need include only a plausible allegation that the amount in controversy exceeds the jurisdictional threshold." Here, Endurance has included a plausible allegation that the amount in controversy exceeds the jurisdictional threshold. If Plaintiff contests this despite the allegations in their Complaint, Endurance can submit additional evidence establishing the jurisdictional threshold. *Id.* ("Evidence establishing the amount is required by § 1446(c)(2)(B) only when the plaintiffs contest, or the court questions, the defendant's allegation.")

19.    As a result, the amount in controversy requirement of 28 U.S.C. § 1332(a) is satisfied.

## CONCLUSION

20.    Removal is proper in this case because Endurance has established that (1) Defendant is completely diverse from Plaintiff, and (2) the amount in controversy exceeds $75,000. *See* 28 U.S.C. §§ 1332, 1441(b).

## ADDITIONAL PROCEDURAL MATTERS

21.    Defendant has filed this Notice of Removal within 30 days of Plaintiff's counsel serving the Summons and Complaint on May 30, 2023. *See Despres v. Ampco-Pittsburgh Corp.*, 577 F. Supp. 2d 604, 609 (D. Conn. 2008) (Federal Rule of Civil Procedure 6(a)(3) extends "the period for removal . . . until the next regular weekday" if the last day of thirty-day removal period falls on a weekend").

22.    A notice of the filing of this Notice of Removal will be filed with the State Court

DEFENDANT ENDURANCE AMERICAN INSURANCE COMPANY'S NOTICE OF REMOVAL                    5

from which this action was removed.

23.    There are no pending cases related to the State Court action.

24.    Upon filing this Notice of Removal, Endurance will provide written notification to all parties, and will file a Notice to Adverse Party of Removal to Federal Court with the Clerk of the Court for the Circuit Court of the State of Oregon for the County of Multnomah. *See* Dazer decl., ¶ 7.

25.    Copies of all pleadings and orders from the State Action are being filed with this Notice. *See* Ex. A-B.

26.    By removing this action from the Circuit Court of the State of Oregon for the County of Multnomah, Defendant does not waive any rights, defenses, or procedural remedies available to them.

27.    For these reasons, this action may be removed to this Court under 28 U.S.C. §§ 1441 and 1446.

Dated:  June 29, 2023.


**NICHOLAS DAZER PC**


*/s/ Nicholas L. Dazer*
Nicholas L. Dazer, OSB No. 002403
nick@dazerlaw.com
     Of Attorneys for Defendant
     Endurance American Insurance Company